{¶ 52} I concur with the majority's resolution of this matter. I write separately to note that, while a failure to renew a motion based upon Rule 14 of the Ohio Rules of Criminal Procedure results in a forfeiture of the opportunity to argue on appeal that the trial court incorrectly denied that motion, the same is not true for a motion based upon Rule 8 of the Ohio Rules of Criminal Procedure. The rationale supporting forfeiture in the Rule 14 context is not applicable in the Rule 8 context. See United States v. Terry, 911 F.2d 272, 277 (9th Cir. 1990).
 {¶ 53} In this case, Mr. Williams cited both Rule 8 and Rule 14 as support for his motion to sever. He did not, however, argue that the five counts charged in the indictment in Case Number CR-2005-12-4617 should not have been included in a single indictment or that the two counts charged in the indictment in Case Number CR-2006-03-0853 should not have been included in a single indictment. Rather, he only argued that the two cases should not be tried together: "Now comes the Defendant, LARRY L. WILLIAMS, by and through counsel, who *Page 20 
moves this Court for an Order severing the above two captioned cases from being tried together by the State of Ohio." Despite citing Rule 8, therefore, the relief Mr. Williams sought was relief only available under Rule 14. Accordingly, since, his motion to sever was, in substance, a motion based upon Rule 14, he forfeited his first assignment of error by not renewing that motion at the close of the evidence. *Page 1